THOMAS E. FRANKOVICH (SBN 074414)
AMANDA LOCKHART (SBN 289900)
THOMAS E. FRANKOVICH,
*A Professional Law Corporation*
702 Mangrove Avenue, #304
Chico, CA 95926
Telephone: (415) 389-8600
Email: tfrankovich@disabilitieslaw.com

Attorney for Plaintiff
BYRON CHAPMAN

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BYRON CHAPMAN, | Case No.: 2:16-cv-01992-CKD |
| Plaintiff, | |
| v. | **CONSENT DECREE** |
| LA COCINA ECONOMICA, *et al.*, | |
| Defendants. | |

**Summary of Plaintiff's Allegations:**

**Whereas,** Plaintiff Byron Chapman filed this action against Defendants La Cocina Economica, Warren Nelson, Nancy Nelson, and Christopher DiGiovanna (hereinafter collectively referred to as the "Parties") for violations of the Americans with Disabilities Act of 1990, U.S.C. 12101 *et seq.*; and

**Whereas,** Plaintiff alleged that on June 2, 2015, May 7, 2016, and July 5, 2016 (and deterred thereafter), he was an invitee, guest, patron, and customer at La Cocina Economica, a restaurant, business, and place of public accommodation owned and operated by the defendants; and

**Whereas,** on those occasions, Plaintiff alleges that he encountered one or all of
the following architectural barriers to access at the subject La Cocina:

    a. Lack of a van accessible parking space, including accessible/clearly

      defined access aisle and proper signage;
b. Lack of an accessible entrance;
c. Lack of accessible service counters: Ordering/transaction, pick-up counter, and condiment counter;
d. Lack of an accessible drink dispensing area where all operating equipment is no higher than 48" above the floor;
e. Lack of an accessible dining counter or tables (5% compliance requirement);
f. Lack of a handicapped-accessible unisex restroom; and

**Whereas**, Plaintiff seeks injunctive relief under federal law and injunctive relief and damages under State law; and

**Whereas,** to prevail, Plaintiff must prove:

a. That he is disabled. 42 U.S.C. § 12102(a);
b. Defendant's facility must be a place of "public accommodation" and, therefore, governed by Title III of the ADA. 42 U.S.C. § 12182(a);
c. Defendant's facility must have had unlawful architectural barriers. 42 U.S.C. § 12182(b)(2)(A)(4);
d. Plaintiff must have encountered the architectural barrier precluding his full and equal access to the facility. 42 U.S.C. § 12188(a); and
e. That barrier removal is "readily achievable." 28 C.F.R. § 36.304(a).

## Defendants' Denials and No Admission of Liability

**Whereas,** Defendants deny Plaintiff's allegations and, by entering into this Consent Decree and Order, in no way admit to any liability whatsoever; and

**Whereas,** the parties enter into this Consent Decree and Order to amicably resolve certain aspects of the lawsuit without the need for further protracted litigation and to resolve certain allegations raised in the complaint on file herein; and

**Whereas,** the parties agree that resolution of these matters without further litigation is in the public interest and that entry of this Order is an appropriate means of resolving these matters. Accordingly, they agree to the entry of this Order with respect to the matters covered herein without trial of further adjudication of any issues of fact or law.

**Jurisdiction and Venue:**

**Jurisdiction:** This Court has jurisdiction of this action pursuant to 28 U.S.C. §1331 for violations of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq*. Pursuant to pendant jurisdiction, attendant and related causes of action, arising from the same nucleus of operative facts and arising out of the same transactions, are also brought under parallel California law, whose goals are closely tied with the ADA, including but not limited to violations of California Civil Code §51, *et seq.* and §54, *et seq.*, California Health & Safety Code §19955 *et seq.*, including §19959; and California Building Code.

**Venue:** Venue is proper in this court pursuant to 28 U.S.C. §1391(b) and is founded on the facts that the real property which is the subject of this action is located at/near 905 Wall Street, City of Chico, State of California, and that Plaintiff's causes of action arose in this county.

**THEREFORE,** the parties hereby agree and stipulate to the Court's entry of this consent Order which provides as follows:

**Settlement of Entire Claim:** This consent Decree and Order shall be a full, complete and final disposition and settlement of all of Plaintiff's claims for injunctive and monetary relief, including damages and attorney's fees, costs, and litigation expenses arising out of the action.

**Injunctive Relief:** Defendants agree and stipulate to perform the remedial measures included in the November 10, 2016, Report of Rick Sarantschin, Principal, Access Investigation Monitoring (AIM), attached hereto and incorporated by reference. This Report was drafted subsequent to Mr. Sarantschin's October 26, 2016, inspection of the subject restaurant. The Parties further agree that the modifications to the unisex restroom are acceptable under the "readily achievable" standard.

**Completion Date:** All remedial work set forth herein shall be completed by November 15, 2017.

**Monetary Relief:** Defendants shall pay jointly to Plaintiff Byron Chapman and Thomas E. Frankovich, APLC, the sum of Forty-Two Thousand Dollars ($42,000) as follows: Defendants shall pay $22,000, due on or before July 15, 2017; Defendants shall pay $2,000 per month for 10 months thereafter until the full settlement amount has been tendered (final payment to be made by May 15,

2018). Payment shall be addressed to Mr. Frankovich at 702 Mangrove Avenue, #304, Chico, CA 95926, or the current address as listed on the State Bar Registry.

**Stipulated Judgment:** Defendants have a five-day grace period within which to pay. Should the defendants fail to make any payment timely, counsel for Plaintiff will give written notice to cure. If the debt is not cured within 10 days of said notice, counsel for Plaintiff shall then file a Stipulation for Judgment. Per the terms of the Stipulation, Judgment will be entered in favor of Plaintiff and Defendants will owe the entire settlement amount (minus payments previously made) plus 10% interest per annum on any outstanding amount. Defendants will also be liable for any costs or fees associated with collecting the debt and/or filing the judgment. **This Stipulation will only be filed in the event of a default.**

**Entire Consent Decree and Order:** This consent Decree and Order and its Exhibit constitute the entire agreement on the matters raised herein and no other statement, promise or agreement, either written or oral, made by any of the Parties or agents of any of the Parties that is not contained in this written Consent Decree and Order and its Exhibit shall be enforceable regarding the matters raised herein.

**Public Document:** This Consent Decree and Order is a public document. A copy of this document, and any information contained herein, may be made available to any person.

**Court Retention of Jurisdiction and Term of the Consent Decree and Order:** Per the terms of the settlement, Plaintiff shall file a Stipulation for Dismissal on or before July 31, 2017. This Consent Decree and Order shall be in full force and effect and this Court shall retain jurisdiction of this action to enforce the provisions thereof until May 31, 2018, or until the parties agree in writing that Defendants have fulfilled all of their obligations under the Consent Decree and Order, or until such time as the property ceases to be used as a public accommodation, whichever period is shorter.

**Counterparts and Facsimile Signatures:** This Consent Decree and Order may be signed in counterparts by the parties and shall be valid and binding on each party as if fully executed all on one copy, and facsimile transmitted signatures shall be as valid and binding as originals.

**Signatories Bind Parties:** Each Signatory on behalf of each party represents that he, she, or it is authorized to bind each such party to this Consent Decree and Order.

Dated: June 23, 2017    By:   /s/ Byron Chapman

Byron Chapman, Plaintiff

(original signature on file with the Court and attorney Thomas E. Frankovich)

Dated: May 18, 2017    By:   /s/ Warren Nelson

Warren Nelson, Defendant

(original signature on file with the Court and attorney Thomas E. Frankovich)

Dated: May 18, 2017    By:   /s/ Nancy Nelson

Nancy Nelson, Defendant

(original signature on file with the Court and attorney Thomas E. Frankovich)

Dated: May 30, 2017    By:   /s/ Christopher DiGiovanna

Christopher DiGiovanna, an individual dba La Cocina

Economica, Defendant

(original signature on file with the Court and attorney Thomas E. Frankovich)

Pursuant to the Stipulation and for good cause shown, **IT IS SO ORDERED.**

Dated:  June 28, 2017

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE